**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*
Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

January 12, 2017



FILED
APR 5 2017
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Tim C. Carrico, Esquire
105 Capitol Street, Suite 300
Charleston, WV 25301

      Re: United States v. Eddie Dwaine Justice, Jr.
          Criminal No. _____

Dear Mr. Carrico:

    This will confirm our conversations with regard to your client, Eddie Dwaine Justice, Jr. (hereinafter "Mr. Justice"). As a result of these conversations, it is agreed by and between the United States and Mr. Justice as follows:

    1. **CHARGING AGREEMENT.** Mr. Justice agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a one-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

    2. **RESOLUTION OF CHARGES.** Mr. Justice will plead guilty to a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (possession of child pornography) as charged in said information.

    3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Justice will be exposed by virtue of this guilty plea is as follows:

    (a) Imprisonment for a period of 20 years;

    (b) A fine of $250,000, or twice the gross pecuniary gain or

*EJ*
Defendant's Initials

        twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of 5 years to life;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013, and $5,000 pursuant to 18 U.S.C. § 3014; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

4. **SPECIAL ASSESSMENT.** Mr. Justice has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Justice agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5. **RESTITUTION.** Mr. Justice understands that, pursuant to 18 U.S.C. § 2259, the Court shall order restitution in this case for the full amount of the victims' losses, if any. Mr. Justice agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Justice further agrees as follows:

(a) Mr. Justice agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Mr. Justice will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date

*EJ*
Defendant's Initials

of the signing of this plea agreement.

(c) Mr. Justice agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d) Mr. Justice agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Mr. Justice agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Mr. Justice to pay a greater or lesser sum of restitution in accordance with law.

6. **ABANDONMENT OF PROPERTY**. Mr. Justice hereby agrees to release, relinquish, waive, or abandon to the United States any and all right, title and interest he may have in certain electronic equipment and other property seized from him at the time of the execution of the search warrant on July 26, 2016, that is:

(a) Iomega External Hard Drive, S/N: 54AK35J600; and

(b) Gateway Laptop Model MS2273 S/N: LXWDH0X002923B81092200.

7. **PAYMENT OF MONETARY PENALTIES**. Mr. Justice agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject

_EJ_
Defendant's Initials

to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Justice further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

8. **COOPERATION.** Mr. Justice will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Justice may have counsel present except when appearing before a grand jury.

9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Justice, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Justice for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Justice for perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Justice stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy

_EJ_
Defendant's Initials

of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Justice agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his possession and distribution of child pornography as alleged in the information and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Justice or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Justice knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Justice understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Justice agree that the following provisions of the United States Sentencing Guidelines apply to this case.

Count One of the Information:

USSG §2G2.2

| | |
|---|---|
| Base offense level | 18 |
| Prepubescent Minor | + 2 |
| Distribution | + 2 |

*EJ*
Defendant's Initials

```
   Sadistic/Masochistic conduct or
   other depcictions of violence; and
   sexual abuse of infants/toddlers        +   4

   Use of Computer                         +   2

   Over 600 images                         +   5

   Adjusted Offense Level                     33
```

The United States and Mr. Justice acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Justice knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Justice also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

*EJ*

Defendant's
Initials

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Justice knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **SEX OFFENDER REGISTRATION REQUIREMENT.** Mr. Justice understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Justice understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Justice further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Justice understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

16. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

   (a)  Inform the Probation Office and the Court of all relevant facts and conduct;

   (b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

                                                    _EJ_____
                                                    Defendant's
                                                    Initials

    (c)    Respond to questions raised by the Court;

    (d)    Correct inaccuracies or inadequacies in the presentence report;

    (e)    Respond to statements made to the Court by or on behalf of Mr. Justice;

    (f)    Advise the Court concerning the nature and extent of Mr. Justice's cooperation; and

    (g)    Address the Court regarding the issue of Mr. Justice's acceptance of responsibility.

    17.  **VOIDING OF AGREEMENT.** If either the United States or Mr. Justice violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    18.  **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Justice in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Justice in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                  CAROL A. CASTO
                  United States Attorney

By:  _[signature]_
       ERIC P. BACAJ
       Assistant United States Attorney

EPB/fgc

                                   _EJ_
                                Defendant's
                                Initials

Tim C. Carrico, Esquire
January 12, 2017                Re: Eddie Dwaine Justice, Jr.
Page 9

I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this
ten-page agreement that I have read and carefully discussed
every part of it with my attorney, that I understand the terms
of this agreement, and that I voluntarily agree to those terms
and conditions set forth in the agreement. I further
acknowledge that my attorney has advised me of my rights,
possible defenses, the Sentencing Guideline provisions, and the
consequences of entering into this agreement, that no promises
or inducements have been made to me other than those in this
agreement, and that no one has threatened me or forced me in any
way to enter into this agreement. Finally, I am satisfied with
the representation of my Choose an item. in this matter.

_____         _____
Eddie Dwaine Justice, Jr.               Date Signed
Defendant

_____         _____
Tim C. Carrico, Esquire                 Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. _____

**EDDIE DWAINE JUSTICE, JR.**

## I N F O R M A T I O N

The United States Attorney Charges:

On or about July 26, 2016, at or near Ikes Fork, Wyoming County, West Virginia, and within the Southern District of West Virginia, defendant EDDIE DWAINE JUSTICE, JR. did knowingly possess material, that is, computer graphic image files, containing images and videos of child pornography, as defined in 18 U.S.C. § 2256(8)(A), that involved prepubescent minors and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

PLEA AGREEMENT EXHIBIT A

1

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

UNITED STATES OF AMERICA

CAROL A. CASTO
United States Attorney


By: _____
ERIC P. BACAJ
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL NO.

**EDDIE DWAIN JUSTICE, JR.**

### STIPULATION OF FACTS

The United States and Eddie Dwain Justice, Jr. ("Mr. Justice") stipulate and agree that the facts comprising the offense of conviction in Count One of the Information filed in the Southern District of West Virginia include the following:

On or about July 26, 2016, at or near Ikes Fork, Wyoming County, West Virginia, within the Southern District of West Virginia, Mr. Justice knowingly possessed on his computer, for purposes of USSG §2G2.2(b)(7)(D), over 600 images and videos depicting minors engaged in sexually explicit conduct, that is, actual or simulated sexual intercourse and the lascivious exhibition of the genitals and pubic area of the minors.

At the same time Mr. Justice possessed the images and videos, he knew the images and videos constituted child pornography. In addition, a significant number of the videos have been identified as depicting known children. Many of these videos depict prepubescent minors. Some of the videos contain scenes depicting a prepubescent minor in sadistic or masochistic conduct or other depictions of violence. Some of the videos Mr. Justice possessed portrayed the sexual abuse of infants or toddlers. As the images and videos possessed by Mr. Justice were downloaded using the Internet, the images and videos had been shipped and transported in interstate and foreign commerce by means that included a computer. Mr. Justice used a peer-to-peer file sharing program which he knowingly used to download, receive, and distribute child pornography.

_ES_
Defendant's
Initials

**PLEA AGREEMENT EXHIBIT B**

1

This Stipulation of Facts does not contain each and every fact known to Mr. Justice and to the United States concerning his involvement in the charge set forth in the Information.

Stipulated and agreed to:

_____      3/8/17
EDDIE DWAINE JUSTICE, JR.     Date
Defendant

_____     3/8/17
TIM CARRICO, ESQ.     Date
Counsel for Defendant

_____     3/13/17
ERIC BACAJ     Date
Assistant United States Attorney

*EJ*
Defendant's Initials

**PLEA AGREEMENT EXHIBIT B**

2